Harry B. Frank, J.
In this article 78 proceeding petitioners seek an order reviewing and annulling the determination of the respondent, Attorney-General of the State of New York, to accept for filing the offering statement of the other respondents, Three Forty Five Management Co. and 34557 Tenants Corp. (the sponsor of a plan to convert the premises into a housing co-operative and the proposed co-operative corporation). In substance, petitioners (present tenants of the building) allege that the sponsor failed to file a proper and complete offering statement and plan, as required by section 352-e et seq. of the General Business Law, and that the respondent Attorney-General’s acceptance of the plan for filing (a condition precedent to consummation of the transaction) was an improper act, in excess of that agency’s jurisdiction.
*415 By cross motion respondents seek dismissal of the petition, urging that the court is without subject matter jurisdiction over the proceeding, that the petition is legally insufficient, and that the proceeding is partially barred by the Statute of Limitations.
The original offering plan for the premises was filed September 16, 1971. (A prior plan was filed in 1969 and abandoned.) Amendments were thereafter filed November 29, 1971, February 25, 1972 and June 6, 1972. The final amendment contained the sponsor’s declaration that the plan was effective on the ground that the necessary number of tenants of rent-controlled, rent-stabilized and decontrolled apartments in the premises had agreed to purchase apartments or the shares of stock in the co-operative corporation allocable thereto. The petition dated June 14, 1972 was served upon the Attorney-General June 16, 1972, far less than four months after the filing of the last amendment. To the extent respondents urge that the four-month statutory period for commencing article 78 proceedings (CPLft 217) should be computed as commencing on the date each amendment is accepted for filing, the argument is not well founded. Tuvim v. 10 E. 30 Corp. (N. Y. L. J., March 22, 1971, p. 2, col. 6, mod. 38 A D 2d 895), cited by respondent, does not support this claim. In Tuvim, unlike the instant case, there was notice given the tenants of the respondent’s acts. The lower court indicated that the statutory period commenced from receipt of such notice. If that rule were followed here, the proceeding must be held timely. Moreover, it is undenied that in the instant case the amendments to the plan filed (which petitioners raise objection to) contained substantial changes throughout the plan, thus requiring the respondent Attorney-General to review and redetermine the accuracy and propriety of the statements made on each filing. Such review and recommendation commence the statutory period anew each time (Matter of Feller v. Wagner, 7 A D 2d 126).
The next question raised by respondents is the existence of jurisdiction in this court to entertain this matter. Petitioners’ status as nonpurchasers of the stock does not bar them from maintaining the proceeding (see Pensic v. Sultzberger, N. Y. L. J., June 16,1970, p. 2, col. 2) and if there is any procedure available to obtain review of the respondent Attorney-General’s acts, it is this type of article 78 proceeding (Schumann v. 250 Tenants Corp., 65 Misc 2d 253). To the extent both sides argue by analogy from Federal securities laws, such analogy is misplaced for no like case, where nonparticipants can be directly affected by an offering of securities, can easily be found in traditional securities transactions except in the case of a merger or reorganization. *416 And these dissenters are generally afforded rights of appraisal.
It is difficult to compare parties, such as petitioners, who live in apartments in a time of recognized housing shortage and whose quality of life will be altered by the “ co-oping ” of their building, to securities traders who have it wholly within their discretion whether to buy or sell any particular security. In the case of the latter, it is, of course, the general rule that nonpurchasers cannot complain of misrepresentations in prospectuses and like publications (see Birnbaum v. Newport Steel Corp., 193 F. 2d 461). But to petitioners herein, a decision not to purchase is itself a step with far-reaching consequences, consequences different in degree and quality from that of deciding whether to buy or not buy a given security on a given day. This was recognized in the Schumann and Pensic cases (supra). As stated in Schumann (65 Misc 2d, at p. 257), “ The Attorney-General having approved the prospectus for filing, the only appropriate standard by which this court can review the adequacy of the prospectus is the article 78 standard ” and that the Attorney-General’s 1 ‘ administrative nonfeasance or malfeasance [is] subject to article 78 review by the courts.” Nor is Tuvim (N. Y. L. J., March 22, 1971, p. 2, col. 6, supra), to the contrary for there the court merely held, pursuant to the general rule, that fraud is not actionable where there is no proof of reliance on the claimed misrepresentation.
On its face the petition alleges noncompliance by the Attorney-General with the obligations imposed upon that public officer of insuring compliance with the applicable sections of the General Business Law by those such as the respondent sponsor. Moreover, the relief petitioners request is not that the Attorney-General take remedial action (cf. People v. Bunge Corp., 25 N Y 2d 91, 97), but that he be precluded from taking the actions required of him under the statute until the conditions of the statute have been satisfied.
While, as stated in Schumann (65 Misc 2d 253, supra), the Attorney-General is possessed of the expertise necessary in reviewing the plan and prospectus and his determination should be given great weight, it was also recognized by the court in that decision that his determination is not final and binding and insulated from judicial review. Such status will not be granted a determination of a public officer absent an express legislative declaration thereof.
Nonetheless, holding that the petition is legally sufficient and is not time-barred, in whole or in part, that this court has jurisdiction of the subject matter, and that petitioners have standing *417 to maintain the proceeding, does not also require a holding that petitioners, at this stage, are entitled to summary judgment. Many of the allegations of defects in the plan are controverted factually by the respondent sponsor. Among these are claims of misrepresentations of the actual addresses of the sponsors and whether the offering was, in fact, being made only to New York residents; whether there was a misrepresentation with respect to the projection of probable increased tax assessments as well as the accuracy of the expenses of probably necessary repairs to the premises; whether the sponsor knew of defects or needs for repairs not set forth in the prospectus and whether the required number of tenants had executed purchase agreements within the required period. The existence of these issues, which are primarily factual and almost all of which are contested, requires that a hearing be held (CPLR 7804, subd. [h]}. Prior to such hearing, however, respondents must be permitted an opportunity to interpose an answer. (See Matter of Caruso v. Incorporated Vil. of Sloatsburg, 28 A D 2d 679; Matter of Civil Serv. Employees Assn. v. Helsby, 31 A D 2d 325.)
■ Accordingly, the cross motion to dismiss the petition is denied and the petition is granted to the extent, only, of granting respondents 20 days after service of a copy of the order to be entered herein, with notice of entry, to interpose an answer and directing that within 30 days thereafter the matter be set down for hearing upon compliance with the appropriate calendar rules of this court.